**Fnu YULIANTI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

No. 07–4807.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 10, 2008.

Decided Sept. 12, 2008.

Panel Rehearing Granted and opinion vacated Nov. 5, 2008.

Submitted Under Third Circuit LAR 34.1(a) after Panel Rehearing on Nov. 14, 2008.

Filed: Nov. 17, 2008.

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Yulianti, an Indonesian native and citizen, petitions for review of a final order of the Board of Immigration Appeals ("BIA") vacating the Immigration Judge's ("IJ") grant of asylum relief. Before the IJ, Yulianti stated that she feared persecution based on her Chinese heritage and her practice of Christianity. The IJ found that Yulianti was ineligible for asylum based on her past experiences but determined that she demonstrated a well-founded fear of future persecution based on a pattern and practice of persecution of Chinese Christians in Indonesia. The Government appealed and the BIA, based on our holding in *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), remanded the case to the IJ for a more specific ruling on possible changed conditions in Indonesia since 1999. On remand, the IJ, relying on the 2004 State Department Country Report and 2005 International Religious Freedom Report for Indonesia, issued a decision granting asylum based on a well-founded fear of future persecution. The Government once again appealed to the BIA. The BIA sustained the appeal and ordered Yulianti removed

to Indonesia. Yulianti then petitioned this Court for review of the BIA's order.[1]

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Whether an applicant has demonstrated a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard. *Voci v. Gonzales,* 409 F.3d 607, 613 (3d Cir.2005).[2] For us to disturb the BIA's decision, petitioner must show that the evidence not only supports reversal but compels it. *See I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

To establish a well-founded fear of future persecution, an applicant must demonstrate both subjective and objective fears of persecution. *Sukwanputra v. Gonzales,* 434 F.3d 627, 637 (3d Cir.2006). The applicant may establish the subjective fear prong through credible testimony that her fear is genuine. *Id.* To show objective fear of persecution, the applicant must show that "a reasonable person in the alien's circumstances would fear persecution if returned to the country in question." *Id.* (internal quotation and citation omitted). The objective prong is satisfied if the petitioner either shows she would be individually singled out for persecution or demonstrates that "there is a pattern or practice in his or her country of nationality ... of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or

political opinion...." *Id.,* quoting 8 C.F.R. § 208.13(b)(2)(iii)(A). We have held that "to constitute a pattern or practice, the persecution of the group must be systematic, pervasive, or organized." *Lie,* 396 F.3d at 537.

The BIA's determination that Yulianti failed to show a pattern or practice of persecution of Christians and ethnic Chinese in Indonesia is supported by substantial evidence. The BIA, in reaching its conclusion, pointed to several findings in the 2004 and 2005 State Department reports indicating that conditions were improving for Chinese Christians in Indonesia. Yulianti argues that the BIA ignored the affidavit of her expert, Dr. Jeffrey Winters, who concluded otherwise. She also takes issue with the BIA's reliance only on portions of the 2004 Report which were unfavorable to her claim. The BIA clearly considered Winters' affidavit and determined that, since it conflicted with the 2004 Report, it was of limited evidentiary value. As we have previously stated, "Country reports ... are the most appropriate and perhaps the best resource of information on political situations in foreign nations." *Zubeda v. Ashcroft,* 333 F.3d 463, 477–78 (3d Cir.2003) (internal quotation and citation omitted). Moreover, while there may be conflicting evidence in the Reports, "[j]ust because the State Department report cuts both ways ... does not mean that it does not constitute substantial evidence." *Kayembe v.*

---

1. We issued an opinion on September 12, 2008, remanding the matter to the BIA. The remand was based on the mistaken belief, perpetuated in the parties' briefs, that the BIA had failed to employ a three-member panel in reversing the Immigration Judge's ("IJ") decision. *See Purveegiin v. Gonzales,* 448 F.3d 684, 692 (3d Cir.2006). The opinion did not reach the merits of Yulianti's application for asylum. Yulianti and the Government then filed a "Joint Petition for Panel Rehearing" in which they agreed that the original BIA deci-

sion, issued in August 2007, was issued by a three-member panel and the December 4, 2007 decision (the one member decision) was a mere re-issue of the August decision. We granted the petition for rehearing and vacated our earlier opinion.

2. The parties do not dispute the IJ's finding that Yulianti's past experiences in Indonesia did not amount to persecution.

*Ashcroft*, 334 F.3d 231, 236 (3d Cir.2003).[3] Further, we have recently stated that the 2003 and 2004 Country Reports do not indicate that violence against Chinese Christians is widespread or systematic. *See Wong v. Attorney General*, 539 F.3d 225, 233 (3d Cir.2008).[4]

For the above-stated reasons, we will deny the petition for review.

---

**3.** Yulianti also contends that the BIA failed to apply the "systematic, pervasive, or organized" standard disjunctively. Yulianti offers no support for her interpretation that each element of the *Lie* standard must be applied separately. We note, however, that the *Lie* court did not take such an approach.

**4.** Yulianti, in a letter filed pursuant to Fed. R.App. P. 28(j), attempted to distinguish *Wong* by arguing that in her case, background information had been submitted that provided a counterbalance to information found in the Country reports. We agree that Yulianti did provide some information that discrimination against Chinese Christians persists in Indonesia, but the information is not sufficient to change our holding that the BIA's decision to the contrary is supported by substantial evidence.